

# Texas Department of Criminal Justice

———————————————————————————— **Brad Livingston**
Executive Director

February 12, 2015

The Honorable Gary Fitzsimmons
Dallas County District Clerk
600 Commerce Street Suite #103
Dallas, Texas 75202

RE: **DONALD KEITH NEWBURY TDCJ# 999403**

Dear District Clerk:

Enclosed is the Return of the Director of the Texas Department of Criminal Justice Correctional Institutions Division, of the Death Warrant pertaining to **DONALD KEITH NEWBURY** issued in 283rd Judicial District Court of Dallas County, Texas on July 25, 2014, which was carried out on February 4, 2015. Also enclosed is the Certificate with the director's statement of compliance with the command of the warrant. The certificate also indicates the disposition of the remains as required by Article 42.23 of the Texas Code of Criminal Procedure.

Sincerely,

*Carla M Willis*

Carla M. Willis
Deputy General Counsel
OFFICE OF THE GENERAL COUNSEL

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

**FEB 17 2015**

**Abel Acosta, Clerk**

Cc: The Honorable Gregg Abbott, Governor
The Honorable Ken Paxton, Attorney General
Abel Acosta, Clerk, Court of Criminal Appeals
Kelly Enloe, Chairman, Classification & Records, TDCJ

Attachment

CMW/caf

---

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*
**Office of the General Counsel**
Sharon Felfe Howell, General Counsel – sharon.howell@tdcj.texas.gov

P.O. Box 13084 Capitol Station
Austin, Texas 78711-3084
Phone (512) 463-9899, FAX (512) 936-2159

P.O. Box 4004
Huntsville, Texas 77342-4004
Phone (936) 437-6698, FAX (936) 437-6994

# RETURN OF THE DIRECTOR OF THE CORRECTIONAL INSTITUTIONS DIVISION

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Came to hand, the 18th day of May 2002 and executed the 4th day of February 2015 by the death of **DONALD NEWBURY.**

DISPOSITION OF BODY:

Date: *February 4, 2015*

Time: *6:25 pm*

_____

William Stephens, Director

Texas Department of Criminal Justice

Correctional Institutions Division

# CERTIFICATE

I hereby certify that the Death Warrant in the case of *The State of Texas vs.* **DONALD NEWBURY** issued in the 283rd Judicial District Court of Dallas County, Texas on July 25, 2014, and was executed according to the laws of the State of Texas on February 4, 2015. The death of **DONALD NEWBURY** was caused by intravenous injection of lethal substances at the Huntsville Unit of the Texas Department of Criminal Justice–Correctional Institutions Division at ___6:25___ p.m. February 4, 2015. The body of the deceased was given into the custody of <u>Carnes Funeral Home</u>; agent for the requesting relative. This Certificate and Return of Warrant (enclosed) is in compliance with Article 43.23 of the Texas Code of Criminal Procedure.

<br>

_____
William Stephens, Director
Texas Department of Criminal Justice
Correctional Institutions Division

<br>

SUBSCRIBED AND SWORN TO BEFORE ME this the 4th day of February 2015.



**CONNIE E. WEICH**
Notary Public. State of Texas
My Commission Expires
11-06-2017
**Notary Without Bond**

_____
NOTARY PUBLIC, Walker County, Texas

My commission expires: __11-06-2017__

THE STATE OF TEXAS    §
                      §
COUNTY OF DALLAS      §


## WARRANT OF EXECUTION


**TO THE HONORABLE DIRECTOR OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, HUNTSVILLE, TEXAS -- GREETINGS:**

**WHEREAS,** there was presented into Court an indictment charging Donald Newbury with the offense of capital murder; and

**WHEREAS,** in the 283rd Judicial District Court of Dallas County, Texas, Donald Newbury was duly and legally convicted by a jury of the crime of capital murder upon said indictment and sentenced to death; and the Court having pronounced sentence in the presence of the defendant and his attorneys, as fully appears in the Judgment and Sentence of said Court entered upon the Minutes of the said Court, as follows, to-wit;


## JUDGMENT AND SENTENCE ATTACHED


**WARRANT OF EXECUTION**

Newbury.wex

# THIS CASE IS ON APPEAL

## Cause No. F01-00324-ST

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283RD JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DONALD KEITH NEWBURY | § | DALLAS COUNTY, TEXAS |

### JUDGMENT ON PLEA OF NOT GUILTY BEFORE JURY
### PUNISHMENT BY JURY - NO COMMUNITY SUPERVISION

### JANUARY TERM, 2002

**JUDGE PRESIDING:** Vickers L. Cunningham, Sr.    **DATE OF JUDGMENT:** January 28, 2002

**ATTORNEY FOR STATE:** Toby Shook    **ATTORNEY FOR DEFENDANT:** Doug Parks

**OFFENSE CONVICTED OF:** Capital Murder

**DEGREE:** A Capital Felony    **COMMITTED ON:** 24 December, 2000

**CHARGING INSTRUMENT:** Indictment    **PLEA:** NOT GUILTY

**VERDICT:** GUILTY AS CHARGED    **FOREMAN:** B. L. Modic

**DEADLY WEAPON FINDING:** The jury finds that Defendant herein used or exhibited a deadly weapon during the commission of said offense, to wit: a firearm

**PUNISHMENT ASSESSED BY:** Jury - see special issues attached hereto and incorporated by reference

**DATE SENTENCE IMPOSED:** 28 January, 2002    **COSTS:** YES

**PUNISHMENT AND PLACE OF CONFINEMENT:** Death in the Institutional Division of the Texas Department of Criminal Justice

**DATE TO COMMENCE EXECUTION:** To be determined at a later date

**CREDIT FOR TIME SERVED:** 22 January, 2001 - 28 January 2002

On this day set forth above, the above styled and numbered cause came to trial. The state of Texas and defendant appeared by and through the above-named attorneys and announced ready for trial. Defendant appeared in person in open court. Defendant in open court was duly arraigned, and entered the above shown plea. The defendant was admonished by the court of the consequences of the said plea and defendant persisted in entering said plea, and it plainly appearing to the court that defendant is mentally competent and said plea is free and voluntary, the said plea was accepted by the court and is now entered of record as the plea herein of defendant. Thereupon a jury was duly selected, impaneled and sworn, who having heard the indictment presented and defendant's plea thereto, and having heard the evidence submitted, and, having been duly charged by the court as to their duty to determine the guilt or innocence of the defendant, and after having heard the arguments of counsel retired in charge of the proper officer to consider their verdict. Afterward the jury was brought into open court by the proper officer, defendant and his counsel being present, and in due form of law returned into open court the above shown verdict which was received and accepted by the court, and is here and now entered upon the minutes of the court.

Thereupon, the defendant having previously elected to have punishment assessed by the jury, the jury heard evidence related to the question of punishment. Thereafter, the jury retired to consider such question, and, after having deliberated, the jury was brought back into open court by the proper officer, the defendant, defendant's attorney, and the State's attorney being present, and being asked if the jury had agreed upon a verdict, the jury answered it had, and returned to the Court their verdict as shown above. Said verdict was read aloud, received by the Court, and is now entered upon the minutes of the Court.

When it is shown above the defendant is guilty of the offense set forth above, it is considered by the court that said defendant is adjudged to be guilty of the offense set forth above and that defendant committed the offense on the date set forth above as charged in the indictment and that said defendant be punished as has been determined by the jury, said punishment being determined by the jury's answers to the Special Issues submitted to them, and that the defendant be confined in the place of confinement shown above until such time as the sentence of death can be carried out. It is ordered that the State of Texas have and recover of the said defendant all costs in this prosecution expended for which let execution issue. The Court further makes its finding as to deadly weapon as set forth above based upon the jury's verdict.

When it is shown above that restitution has been ordered but the court determines that the inclusion of the victim's name and address in the judgment is not in the best interest of the victim the person or agency whose name and address is set out in this judgment will accept and forward the restitution payments to the victim.

And when it is shown below that payment of the costs of legal services provided to the defendant in this cause has been ordered, the court finds that the defendant has the financial resources to enable the defendant to offset said costs in the amount ordered.

Thereupon the said defendant was asked by the court whether he had anything to say why said sentence should not be pronounced against him and he answered nothing in bar thereof, and it appearing to the court that the defendant is mentally competent and understanding of the proceedings, the Court proceeded to pronounce sentence upon said defendant.

It is therefore, considered and ordered by the court in the presence of defendant and his attorney, that said judgment as set forth above is hereby in all things approved and confirmed, and that defendant, who has been adjudged guilty of the above named offense, as shown above, and whose punishment has been assessed as shown above, be punished in accordance with the punishment set forth above and that defendant shall be delivered by the sheriff to the director of the Institutional Division of the Texas Department of Criminal Justice, or other person legally authorized to receive such convicts for the punishment assessed herein and said defendant shall be confined until such time as the sentence of death can be carried out in accordance with the provisions of law governing such punishments. It is further ordered that the defendant pay the court costs, costs and expenses of legal services provided by the court appointed attorney in this cause, if any, and restitution or reparation, as set forth herein, for which let execution issue.

Defendant is hereby ordered remanded to jail until said sheriff can obey the directions of this judgment.

Following the disposition of this cause the defendant's fingerprint was in open court, placed upon a certificate of fingerprint. Said certificate is attached hereto and is incorporated by reference as a part of this judgment.

Defendant excepts and gives notice of appeal.

Court costs in the amount of $242.25

Signed and entered this Monday, January 28, 2002.

VICKERS L. CUNNINGHAM, SR., JUDGE
283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

JUDGMENT
ERTIFICATE OF THUMBPRINT

CAUSE NO. F-0100324

THE STATE OF TEXAS

VS.

Donald Newbury

IN THE Crim.

DISTRICT COURT 283 rd

DALLAS COUNTY, TEXAS

**Right Thumb***

Defendant's __R+.__ hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS 18th DAY OF Jan. , 2002

_____
BAILIFF/DEPUTY SHERIFF

*Indicate here if print other than defendant's right thumbprint is placed in box:

☐ left thumbprint          ☐ left/right index finger

☐ other, _____

**AND WHEREAS,** on the 14th day of June, 2004, in trial court No. F01-00324-JT, Court of

Criminal Appeals No. 74,308 the Texas Court of Criminal Appeals issued a mandate affirming the

Judgment in *Donald Keith Newbury vs. The State of Texas* as follows, to-wit:

## MANDATE ATTACHED

## WARRANT OF EXECUTION

Newbury.wex



# TEXAS COURT OF CRIMINAL APPEALS
### Austin, Texas

# M A N D A T E

FILED
JUN 22 2004
JIM HAMLIN
DIST. CLERK/DALLAS CO., TEXAS
_____ DEPUTY

**THE STATE OF TEXAS,**

TO THE **283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY** — GREETINGS:

Before our **COURT OF CRIMINAL APPEALS**, on the **21st** day of **APRIL**, A.D. 2004, the cause upon appeal to revise or reverse your Judgment between:

### DONALD KEITH NEWBURY

### VS.

### THE STATE OF TEXAS

CCRA NO. **74,308**

TRIAL COURT NO. **F01-00324-JT**

was determined; and therein our said **COURT OF CRIMINAL APPEALS** made its order in these words:

"This cause came on to be heard on the record of the Court below, and the same being considered, because it is the Opinion of this Court that there was no error in the judgment, it is **ORDERED, ADJUDGED AND DECREED** by the Court that the judgment be **AFFIRMED**, in accordance with the Opinion of this Court, and that this Decision be certified below for observance."

**WHEREFORE,** We command you to observe the Order of our said **COURT OF CRIMINAL APPEALS** in this behalf and in all things have it duly recognized, obeyed and executed.

### WITNESS, THE HONORABLE SHARON KELLER,

Presiding Judge of our said **COURT OF CRIMINAL APPEALS**,

with the Seal thereof annexed, at the City of Austin,

this **14th** day of **JUNE**, A.D. 2004.

**TROY C. BENNETT, JR.**, Clerk

_____, Deputy Clerk

Veronica Arellano

AND WHEREAS, the 283rd Judicial District Court of Dallas County, Texas on the 16th day of July, 2014, did enter an Order Setting Execution Date as set forth in the Minutes of said Court, as follows, to-wit:

## ORDER SETTING EXECUTION DATE

## ATTACHED

## WARRANT OF EXECUTION

Newbury.wex

## CAUSE N0. F01-00324-T

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283RD JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| DONALD NEWBURY | § | DALLAS COUNTY, TEXAS |

## ORDER SETTING EXECUTION DATE

The Court has reviewed the State's Motion to Set Execution Date and finds that the motion should be granted; and whereas

The Defendant, Donald Newbury, was previously sentenced to death by the Court in the presence of his attorneys; and

There being no stays of execution in effect in this case, it is the duty of this Court to set an execution date in the above numbered and styled cause, and the Court now enters the following **ORDER:**

**IT IS HEREBY ORDERED** that the Defendant, Donald Newbury, who has been adjudged to be guilty of capital murder as charged in the indictment and whose punishment has been assessed by the verdict of the jury and judgment of the Court at Death, shall be kept in custody by the Director of the Texas Department of Criminal Justice, Institutional Division, until the **4th day of February, 2015**, upon which day, at the Texas Department of Criminal Justice, Institutional Division, at some time after the hour of six o'clock p.m., in a

room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by said Director, as provided by law, is hereby commanded, ordered and directed to carry out this sentence of death by intravenous injection of a substance or substances in a lethal quantity sufficient to cause the death of the said Donald Newbury until the said Donald Newbury is dead. Such procedure shall be determined and supervised by the said Director of the Texas Department of Criminal Justice, Institutional Division.

The Clerk of this Court shall issue and deliver to the Sheriff of Dallas County, Texas, a Death Warrant in accordance with this Order, directed to the Director of the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, commanding him, the said Director, to put into execution the Judgment of Death against the said Donald Newbury.

The Sheriff of Dallas County, Texas is hereby ordered, upon receipt of said Death Warrant, to deliver said Warrant to the Director of the Department of Criminal Justice, Institutional Division, Huntsville, Texas.

SIGNED this __16__ day of July, 2014.

_____

RICK MAGNIS, JUDGE
283RD JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

## ORDER SETTING EXECUTION DATE

*Newbury/ose*

*Original*

You are hereby commanded to carry into execution the order of execution herein in accordance with this Warrant for the execution of the sentence of death, and in accordance with the Judgment and Sentence of this said Court, shown herein, which I certify to be true and correct copies of the original Judgment and Sentence, Mandate, and Order Setting Execution Date now on file on my office and entered on the Minutes of said Court.

**HEREIN FAIL NOT**, but due return make of this Warrant showing how you have executed the same.

Given under my hand and seal of the 283rd Judicial District Court of Dallas County, Texas, on this _____25th_____ day of July, 2014.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

## WARRANT OF EXECUTION

Newbury.wex

# CLERK'S CERTIFICATE

THE STATE OF TEXAS )

COUNTY OF DALLAS )

I, GARY FITZSIMMONS, CLERK OF THE DISTRICT COURTS WITHIN AND FOR THE STATE AND COUNTY AFORESAID, DO HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE WARRANT OF EXECUTION IN CAUSE NO. F01-00324-T, ENTITLED THE STATE OF TEXAS V. DONALD NEWBURY, AS THE SAME APPEARS ON RECORD IN VOL. **617**, PAGE **60**, NOW ON FILE IN MY OFFICE.

GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS COUNTY, TEXAS, THIS **25th** DAY OF JULY, 2014.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

**CLERK'S CERTIFICATE** - Page Solo